# Exhibit "A"

## SUMMONS

Attorney(s) Rivers Law Firm LLC
Office Address 50 Mountain Avenue
Town, State, Zip Code Caldwell, New Jersey 07006

Telephone Number (201) 744-4321
Attorney(s) for Plaintiff Noel Rivers, Esq.

Andrew Schuman

　　　　　Plaintiff(s)

　　vs.

Millennium Products, Inc., Wegmans
Food Markets, Inc., and XYZ Corp 1-1

　　　　　Defendant(s)

## Superior Court of New Jersey

Middlesex County
Law Division

Docket No: MID-L-001240-18

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

　　　　　　　　　　　　　　　　　　　　　　　　s/Michelle Smith
　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Superior Court

DATED: 2/28/18
Name of Defendant to Be Served: Millennium Products, Inc.
Address of Defendant to Be Served: Wegmans Food Markets, Inc.

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

Noel Rivers, Esq.-Id. 037762015
**RIVERS LAW FIRM, LLC**
50 Mountain Avenue
Caldwell, New Jersey 07006
201-744-4321 – tel.
201-706-7760 – fax
Attorney for Plaintiff

| | |
|---|---|
| ANDREW SCHUMAN,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIUM PRODUCTS, INC., WEGMANS FOOD MARKETS INC., and XYZ Corp 1-10, it(their names being fictitious and unknown at this time),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.:_____<br><br>*CIVIL ACTION*<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, ANDREW SCHUMAN (hereinafter "Plaintiff"), residing at 518 Deal Lake Drive, Apt. 3a, Asbury Park, New Jersey brings this action against Defendants, MILLENNIUM PRODUCTS, INC., (hereinafter "Defendant Millennium") with an address at P.O. Box 2352, Beverly Hills, CA 90213 and WEGMANS FOOD MARKETS INC., (hereinafter "Defendant Wegmans") with a location at 15 Woodbridge Center Dr., Woodbridge, NJ 07095, by way of complaint against the Defendants says:

## PARTIES AND JURISDICTION

1. This action is brought as a result of injuries suffered by Plaintiff, a resident of the State of New Jersey.

2. This Court has jurisdiction over Defendant Millennium because Defendant Millennium has transacted business within the State of New Jersey ("New Jersey") at all times relevant to this

Complaint.

3. This Court has jurisdiction over Defendant Wegmans because Defendant Wegmans has transacted business within the State of New Jersey ("New Jersey") at all times relevant to this Complaint and at all times relevant in the within action, Defendant Wegmans is physically present in New Jersey.

4. At all times relevant here in, XYZ CORPORATION 1-10, (their names being fictitious and unknown at this time) maintained a physical presence in New Jersey and has transacted business within New Jersey at all times relevant to this Complaint.

5. Venue for this action properly lies in Middlesex County, pursuant to R. 4:3-2(b), because Defendant Millennium and Defendant Wegmans transact business in, or some of the transactions upon which this action is based occurred in Middlesex County.

6. Plaintiff is a consumer in the State of New Jersey and is seeking relief for violations of the Products Liability Act (hereinafter "PLA"), pursuant to N.J.S.A. 2A:58C-2 et seq., N.J.S.A. 2A:58C-5 et seq., and express warranty.

7. Defendant Millennium is a California corporation with a principal place of business at 4646 Hampton Street, Vernon, California 90058. Defendant Millennium transacts business in New Jersey by promoting, selling, and distributing kombucha beverages.

8. Defendant Wegmans is a New York corporation with corporate headquarters at 1500 Brooks Avenue, PO Box 30844, Rochester, NY 14603-0844. Defendant Wegmans transacts business in New Jersey by promoting, selling, and distributing kombucha beverages produced and bottled by Defendant Millennium.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Defendant Millennium is the manufacturer of kombucha beverages. Kombucha is essentially a fermented tea beverage.

10. Defendant Wegmans is a grocery store that sells and distributes Defendant Millennium's GT's Enlightened kombucha beverages.

11. Defendant Millennium manufacturers and distributes two lines of kombucha, one is the "Classic" line and it is marketed and labeled as an alcoholic beverage, which contains the government required health warning label and is available for sale to individuals twenty-one years of age and over. The other is called the "Enlightened" line, which is marketed and labeled as non-alcoholic and is available for any person, regardless of age, to purchase.

12. The Enlightened line contains two types, Enlightened Kombucha and Enlightened Synergy. The Synergy line is represented as containing 95% GT's Kombucha and 5% of various fruit juices while the Enlightened Kombucha is labeled as being 100% kombucha. Despite this difference, both products are marketed and labeled as non-alcoholic.

13. Defendant Millennium's Classic kombucha line, contains a label which reads "Kombucha is a cultured tea that is low in alcohol however federal law requires a warning statement on any product that may contain more than 0.5% alcohol by volume."

14. Defendant Millennium's Enlightened line does not contain the warning listed in paragraph 12 supra.

15. According to the Food and Drug Administration (hereinafter "FDA"), a beverage is considered to be alcoholic if it contains 0.5% or more alcohol by volume.

- 3 -

16. Defendant Millennium's Enlightened Kombucha is labeled as a non-alcoholic beverage, meaning that it must contain less than 0.5% alcohol by volume.

17. However, according to IEH Laboratories and Consulting Group, IEH Warren Analytical Lab (hereinafter "IEH Lab"), Defendant Millennium's Enlightened Kombucha Gingerade contains 1.1% alcohol by volume and Defendant Millennium's Enlightened Synergy Kombucha Mystic Mango contains 0.8% alcohol by volume.

18. Enlightened Kombucha is misbranded under New Jersey law and federal law as it misrepresents its alcohol content.

19. Defendant Millennium has produced enlightened kombucha that has been sold to the end user prior to July 14, 2017 that has exceeded 0.5% of alcohol by volume without having a permit to do so and without the labels and government warning statements required for alcoholic beverages.

20. Upon information and believe, for a period of time prior to July 14, 2017, Whole Foods Stores stopped selling GT Kombucha's Enlightened beverages as it exceeded 0.5% alcohol by volume.

21. Despite having been made aware of the increased alcohol content in its Enlightened line, prior to the consumption by the Plaintiff Defendant Millennium continued to manufacture a product and misrepresent its contents. Defendant Millennium failed and or refused to comply with federal and/or state labeling laws of its Enlightened kombucha.

22. Plaintiff relied on Defendant Millennium's labeling on its products when purchasing and consuming kombucha.

23. On or about July 14, 2017, over the course of the day, Plaintiff purchased and consumed two of Defendant Millennium's Enlightened kombucha beverages, namely, GT's Enlightened

Kombucha Gingerade and GT's Synergy Organic Kombucha Mystic Mango that Plaintiff purchased from Defendant Wegmans's retail store.

24. On or about July 14, 2017, Plaintiff became severely ill and was rushed to Jersey Shore University Medical Center, where he was admitted and treated for four days.

25. Plaintiff brings this suit for personal injuries he suffered as a result of drinking Defendant Millennium's Enlightened line of kombucha tea.

## COUNT ONE Failure to Warn

26. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein at length.

27. Defendant Millennium researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce the Enlightened line of tea beverages and in the same course, directly advertised or marketed the product to the public and therefore had a duty to warn of the risks associated with the use of its product given the alcohol content that exceeded the 0.5% alcohol by volume allowed for a non-alcoholic beverage.

28. The Enlightened line was under the exclusive control of Defendant Millennium as aforesaid and was unaccompanied by federally mandated Health Warning Statement which is required to be placed on the label of all beverages containing 0.5% or more alcohol by volume.

29. Defendant Millennium failed to perform or otherwise facilitate adequate testing that would have revealed its Enlightened line as containing over 0.5% of alcohol by volume and this failure caused harm to Plaintiff.

30. The Enlightened line was defective due to inadequate and/or absent post marketing warnings regarding its alcohol content that exceeded 0.5% alcohol by volume allowed under the FDA for a non-alcoholic beverage and Defendant Millennium knew or should have known the serious side effects and complications that can result from drinking alcohol.

31. Defendant Millennium is required to warn potential consumers of the hidden dangers that may be present in a product, namely, its alcohol content that exceeds the level permitted under the FDA for classification as a non-alcoholic beverage.

32. Defendant Millennium placed inadequate, unclear warnings on some of its Enlightened line. By way of example, the warning contained on a box of GT's Kombucha Gingerade reads: "This product contains a trace amount of alcohol."

33. As a direct and proximate result of the conduct of Defendant Millennium as aforesaid Plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, pain and suffering, and has expended and will continue to expend large sums of money for medical care and treatment.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs of suit, interest and reasonable attorney fees, and such other and further relief as the Court may deem proper.

## COUNT TWO Defective Design

34. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein at length.

35. Defendant Millennium is a manufacturer, distributor, marketer, promoter, supplier of GT's Enlightened Kombucha Tea, which is defective and unreasonably dangerous to unsuspecting

- 6 -

consumers who believe they are purchasing a non-alcoholic product that contains less than 0.5% alcohol by volume.

36. Defendant's kombucha products left the Defendant Millennium manufacturing plant in this defective condition and it was expected to and did reach consumers, including Plaintiff, without substantial change in the condition in which it was designed, manufactured, labeled, sold, distributed, marketed, promoted, supplied, and otherwise released into the stream of commerce.

37. The defective condition of Defendant Millennium's GT's Enlightened Kombucha Tea renders it in violation of the FDA's labeling laws.

38. Plaintiff was unaware of the alcohol exceeding 0.5% alcohol by volume present in the Enlightened line and he reasonably relied on the product's label and its status as a non-alcoholic beverage when he purchased and consumed beverages from Defendant Millennium's Enlightened line.

39. Defendant Millennium is strictly liable to Plaintiff for designing, manufacturing, and placing the Enlightened line into the stream of commerce, since it is a product that is dangerous for its foreseeable use as a result of the design defect whereby the products contain 0.5% alcohol by volume, or over 0.5% alcohol by volume.

40. Defendant Wegmans is strictly liable to Plaintiff for selling the Enlightened line at its Woodbridge location, since it is a product that is dangerous for its foreseeable use as a result of the design defects.

41. Defendant Wegmans through the chain of distribution of the Enlightened line knew or should have known that the Enlightened line contained alcohol in the excess of what is allowed as per the TTB regulations.

42. At all times relevant herein, Defendant Millennium was aware or should have been aware of the increased alcohol present in its Enlightened line.

43. Defendant Millennium knew or should have known of the danger of placing a product in the stream of commerce, being sold as non-alcoholic despite over containing twice the legal limit of alcohol by volume as proscribed by the FDA.

44. As a direct and proximate cause of the design defect, Plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, pain and suffering, and has expended and will continue to expend large sums of money for medical care and treatment.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs of suit, interest and reasonable attorney fees, and such other and further relief as the Court may deem proper.

### COUNT THREE Breach of Express Warranty

45. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein at length.

46. Defendant Millennium placed the Enlightened line into the stream of commerce for sale and recommended its use to consumers through marketing and/or advertising without adequately warning consumers of the alcohol content in the beverages that is in the excess of 0.5% alcohol by volume.

47. Defendant Millennium had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale, and release of the Enlightened line, including a duty to ensure that the product did not contain over

- 8 -

0.5% alcohol by volume and to disclose adverse material when making representations to the FDA, the TTB, and the public at large, including Plaintiff.

48. Plaintiff justifiably and detrimentally relied on the warranties and representations of Defendant Millennium in his purchase and consumption of the Enlightened line beverages.

49. Defendant Millennium was under a duty to disclose the defective product and the elevated alcohol content of the Enlightened line to consumers, including Plaintiff, the FDA and to the TTB. Defendant Millennium had sole access to material facts concerning the defects and Defendant Millennium knew that the FDA, TTB, and consumers, including Plaintiff, could not have reasonably discovered such defects.

50. By the conduct alleged, Defendant Millennium expressly warranted to Plaintiff that the Enlightened line beverages contained under 0.5% alcohol by volume by labeling it as containing only a "trace amount" of alcohol in violation of N.J.S.A. 12A:2-313 et seq.

51. The express warranty was breached because the Enlightened line contains over 0.5% alcohol by volume, despite Defendant Millennium selling and marketing the Enlightened line as containing less than 0.5% alcohol by volume and thereby classifying same as non-alcoholic.

52. As a result of Defendant Millennium's conduct, Plaintiff did not receive goods as impliedly warranted by Defendant Millennium to be merchantable, as the Enlightened line did not conform with the label placed on the products.

53. Had Plaintiff known that the Enlightened line contained over 0.5% alcohol by volume, Plaintiff would not have purchased the products from the Enlightened line.

54. As a direct and proximate result of Defendant Millennium's aforesaid conduct, Plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries, pain

and suffering, and has expended and will continue to expend large sums of money for medical care and treatment.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs of suit, interest and reasonable attorney fees, and such other and further relief as the Court may deem proper.

## COUNT FOUR Punitive Damages Under the Products Liability Act (N.J.S.A. 2A:58C-1)

55. Plaintiff incorporates all paragraphs of this Complaint as if fully set forth herein at length.

56. Defendant Millennium owed Plaintiff a duty to ensure that the content in the Enlightened line beverages conformed with the labels affixed thereto.

57. Defendant Millennium's failure to warn that the Enlightened line contained over 0.5% alcohol by volume was reckless, willful, wanton, and without regard for the public's, including Plaintiff's, safety and welfare.

58. Defendant Millennium knew or should have known that it placed a beverage into the stream of commerce as a non-alcoholic beverage despite that it contained over the 0.5% alcohol by volume allowed by federal law.

59. Defendant Millennium mislead consumers by making false misrepresentations regarding the non-alcoholic classification and labeling of its Enlightened line of kombucha tea.

60. Defendant Millennium fraudulently concealed, disregarded, understated, and/or downplayed its knowledge of the elevated levels of alcohol in its Enlightened line during previous lawsuits, investigations, and interviews.

61. Defendant Millennium was or should have been in the possession of evidence demonstrating that the Enlightened line contained over 0.5% alcohol by volume. Nevertheless, Defendant

Millennium continued to provide false and misleading information in its manufacture, labeling, marketing, and advertising of the Enlightened line.

62. Defendant Millennium failed to comply with the federal law requiring beverages containing 0.5% of alcohol by volume or more to be sold as alcoholic beverages available to individuals twenty-one years of age or older and to contain a Health Warning Statement, warning consumers about the consumption of alcoholic beverages.

63. Defendant Millennium failed to provide adequate and clear warnings that could have dissuaded consumers from purchasing or otherwise consuming beverages from the Enlightened line, weighing the true risk of drinking an alcoholic kombucha tea.

64. Defendant Millennium knowingly withheld or misrepresented information required to be disclosed to the FDA and/or TTB that the Enlightened line contained 0.5% or more alcohol by volume.

65. Plaintiff was materially harmed by Defendant Millennium's constant and continuous misrepresentations regarding the alcohol content in its Enlightened line and as a direct result, Plaintiff suffered harm from consuming beverages from Defendant Millennium's Enlightened line which contained an excess of 0.5% alcohol by volume.

66. Defendant Millennium's repetitious, unlawful misconduct with regard to the manufacturing, labeling, distributing, marketing, promoting its Enlightened line to the general public, including Plaintiff, has caused Plaintiff harm and if Defendant Millennium continues to mislabel and falsely advertise their Enlightened line as being non-alcoholic, the public at large may be harmed.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs of suit, interest and reasonable attorney fees, and such other and further relief as the Court may deem proper.

### JURY DEMAND

Pursuant to Rule 4:35-1, Plaintiff hereby demands a jury trial on all issues presented herein.

RIVERS LAW FIRM LLC
Attorney for Plaintiff

DATED: February 28, 2018                     Noel Rivers, Esq.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Noel Rivers, Esq. has been designated as trial counsel in the above captioned matter.

RIVERS LAW FIRM LLC
Attorney for Plaintiff

DATED: February 28, 2018                     Noel Rivers, Esq.

## CERTIFICATION PURSUANT TO R. 4:5-1(B)

I certify that this matter in controversy is not the subject of any other action pending in any court or arbitration proceeding and I have no knowledge that any other action or arbitration proceeding regarding the subject matter of this action. To the best of my knowledge, no other party should be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                        RIVERS LAW FIRM LLC
                                                        Attorney for Plaintiff

DATED: February 28, 2018                         _____
                                                        Noél Rivers, Esq.