# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANDREW SCHUMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GT'S LIVING FOODS, LLC, MILLENNIUM PRODUCTS, INC., MILLENNIUM PRODUCTS, LLC, WEGMANS FOOD MARKETS, INC., AND XYZ CORP 1-10, (THEIR NAMES BEING FICTITIOUS AND UNKNOWN AT THIS TIME),**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**3:18-cv-05565-MAS-DEA** |

### ANSWER OF DEFENDANT, GT'S LIVING FOODS, LLC F/K/A MILLENNIUM PRODUCTS, LLC F/K/A MILLENNIUM PRODUCTS, INC. TO PLAINTIFF'S COMPLAINT

Defendant, GT's Living Foods, LLC f/k/a Millennium Products, LLC f/k/a Millennium Products, Inc. (hereinafter "GT's Living Foods"), by and through its attorneys, CLARK & FOX, hereby responds to Plaintiff's Amended Complaint as follows:

### PARTIES AND JURISDICTION

1. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint and leaves Plaintiff to his proofs at trial.

2. Admitted that this Court has original jurisdiction over GT's Living Foods, LLC and this action pursuant to 28 U.S.C. § 1332(a).

3. Admitted that this Court has original jurisdiction over GT's Living Foods, LLC and this action pursuant to 28 U.S.C. § 1332(a). The remaining allegations are denied.

4. Admitted that this Court has original jurisdiction over GT's Living Foods, LLC and this action pursuant to 28 U.S.C. § 1332(a). The remaining allegations are denied.

5. Admitted that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6. Admitted that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7. Admitted this lawsuit is subject to removal to federal court pursuant to 28 U.S.C. § 1441(a). The remaining allegations are denied.

8. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint and leaves Plaintiff to his proofs at trial.

9. Admitted that GT's Living Foods is a Delaware corporation. The remaining allegations are denied.

10. Admitted that Millennium Products, Inc. as a California corporation. The remaining allegations are denied.

11. Denied.

12. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint, as they are not directed to GT's Living Foods, and leaves Plaintiff to his proofs at trial.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

13. Admitted as to GT's Living Foods.

14. Denied.

15. Denied.

16. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint, as they are not directed to GT's Living Foods, and leaves Plaintiff to his proofs at trial.

17. Admitted that GT's Living Foods manufactures Classic and Enlightened product lines. The remaining allegations are denied.

18. Admitted that the Enlightened product line is comprised of two products, Enlightened Kombucha and Enlightened Synergy. The remaining allegations are denied.

19. Admitted.

20. Admitted.

21. Denied as a conclusion of law.

22. Denied as a conclusion of law.

23. Denied.

24. Denied.

25. Denied.

26. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint, as they are not directed to GT's Living Foods, and leaves Plaintiff to his proofs at trial.

27. Denied.

28. Denied.

29. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint and leaves Plaintiff to his proofs at trial.

30. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint and leaves Plaintiff to his proofs at trial.

31.     GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint and leaves Plaintiff to his proofs at trial.

## COUNT ONE

32.     GT's Living Foods incorporates by references its responses to all paragraphs of Plaintiff's Amended Complaint as if set forth in full herein.

33.     Admitted that GT's Living Foods manufactured the Enlightened line of beverages. The remaining allegations are denied as conclusions of law.

34.     Admitted the GT's Living Foods controlled the Enlightened line. The remaining allegations are denied as conclusions of law.

35.     Denied as a conclusion of law.

36.     Denied as a conclusion of law.

37.     Denied as a conclusion of law.

38.     Denied as a conclusion of law.

39.     Denied as a conclusion of law.

## COUNT TWO

40.     GT's Living Foods incorporates by references its responses to all paragraphs of Plaintiff's Amended Complaint as if set forth in full herein.

41.     Admitted that GT's Living Foods manufactured the Enlightened line of beverages. The remaining allegations are denied as conclusions of law.

42.     Denied as a conclusion of law.

43.     Denied as a conclusion of law.

44.     Denied.

45.     Denied as a conclusion of law.

46. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint, as they are not directed to GT's Living Foods, and leaves Plaintiff to his proofs at trial.

47. GT's Living Foods has insufficient information to admit or deny the allegations in this corresponding paragraph of the Amended Complaint, as they are not directed to GT's Living Foods, and leaves Plaintiff to his proofs at trial.

48. Denied as a conclusion of law.

49. Denied as a conclusion of law.

50. Denied as a conclusion of law.

## COUNT THREE

51. GT's Living Foods incorporates by references its responses to all paragraphs of Plaintiff's Amended Complaint as if set forth in full herein.

52. Denied as a conclusion of law.

53. Denied as a conclusion of law.

54. Denied.

55. Denied as a conclusion of law.

56. Denied as a conclusion of law.

57. Denied as a conclusion of law.

58. Denied as a conclusion of law.

59. Denied.

60. Denied as a conclusion of law.

## COUNT FOUR

61.	GT's Living Foods incorporates by references its responses to all paragraphs of Plaintiff's Amended Complaint as if set forth in full herein.

62.	Denied as a conclusion of law.

63.	Denied as a conclusion of law.

64.	Denied as a conclusion of law.

65.	Denied as a conclusion of law.

66.	Denied as a conclusion of law.

67.	Denied as a conclusion of law.

68.	Denied as a conclusion of law.

69.	Denied as a conclusion of law.

70.	Denied as a conclusion of law.

71.	Denied as a conclusion of law.

72.	Denied as a conclusion of law.

**WHEREFORE,** Defendant, GT's Living Foods, LLC f/k/a Millennium Products, LLC f/k/a Millennium Products, Inc. hereby demands judgement in its favor and dismissal of any and all claims against it along with interest, costs, and such other relief as this Court finds equitable and just.

## AFFIRMATIVE DEFENSES

1.	Plaintiff fails to state a cause of action upon which relief may be granted.

2.	GT's Living Foods did not violate any provision of The New Jersey Product Liability Act.

3.	Plaintiff's claims are barred based on assumption of the risk.

4. Plaintiff's claims are barred based on compliance with government and/or industry standards.

5. Plaintiff's claims are barred based on federal pre-emption.

6. GT's Living Foods is not liable for any damages to the extent there was alteration/modification of the product.

7. GT's Living Foods is not liable for any damages to the extent any dangers from use of the product was generally known.

8. GT's Living Foods is not liable for any damages to the extent of Plaintiff's misuse of the product.

9. The events, circumstances, injuries and/or damages averred in the Amended Complaint arose from the conduct of persons, entities and/or associations, over which GT's Living Foods had no direction or control.

10. The summons, or service thereof, is defective and GT's Living Foods reserves the right to move to quash service of process or dismiss the Amended Complaint.

11. This cause of action is barred by the applicable statute of limitations.

12. The product at issue was not defectively designed.

13. GT's Living Foods did not breach any express warranty that may have existed.

14. GT's Living Foods was not negligent.

15. GT's Living Foods breached no duty, if any, owed to Plaintiff.

16. GT's Living Foods is not liable for any negligence which was a proximate or producing cause of the damages claimed by Plaintiff.

17. The averred injuries and/or damages, if proven, resulted from independent and/or intervening and/or superseding causes which were unrelated to the cause of action described in the Amended Complaint.

18. Any injury or damage resulted fully from the negligence, carelessness and/or inattentiveness of Plaintiff.

19. If GT's Living Foods is proven to be negligent, which negligence is specifically denied, Plaintiff was also negligent and said negligence of Plaintiff was greater than any negligence chargeable to GT's Living Foods and, therefore, Plaintiff is not entitled to damages.

20. If GT's Living Foods is proven to be negligent, which negligence is specifically denied, Plaintiff was also negligent and damages to which Plaintiff may be entitled, should be reduced in proportion to the negligence attributable to Plaintiff.

21. If GT's Living Foods is proven to be liable, which liability is specifically denied, its conduct does not warrant the imposition of punitive damages.

22. GT's Living Foods specifically reserves the right to amend and/or add defense as discovery progresses.

## JURY DEMAND

GT's Living Foods demands trial by jury on all issues involved herein.

**CLARK & FOX**

**BY**: _____
John M. Clark, Esquire
Michael S. Savett, Esquire
Attorneys for Defendant,
GT's Living Foods, LLC f/k/a Millennium Products, LLC f/k/a Millennium Products, Inc.

Dated: April 20, 2018

**CERTIFICATE OF FILING AND SERVICE**

  I hereby certify that on April 20, 2018, I caused a copy of the foregoing Answer to Amended Complaint to be served upon the following in the manner indicated.

Noel Rivers, Esquire
Rivers Law Firm, LLC
77 Hudson St.
Hackensack, NJ 07601
*Attorney for Plaintiff*
*Via ECF and email* noel@riverslaw.net

Jason S. Feinstein, Esquire
ECKERT SEAMANS CHERIN & MELLOTT, LLC
P.O. Box 5404
Princeton, NJ 08543
*Attorney for Defendant Wegmans Food Markets, Inc.*
*Via Regular Mail and email* *jfeinstein@eckertseamans.com*

            */s/ Michael S. Savett*
            Michael S. Savett, Esquire